# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 09-cv-478-GZS |
| | ) |
| ELIZABETH B. FOLEY, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Before the Court is the Motion for Summary Judgment and Incorporated Memorandum of Law (Docket # 13) by Plaintiff United States of America. As explained herein, the Court GRANTS Plaintiff's Motion for Summary Judgment.

### I.  PROCEDURAL BACKGROUND

On September 29, 2009, the United States filed a Complaint against Elizabeth B. Foley alleging that she has defaulted on a Direct Consolidation loan under Title IV-D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a, *et seq*.[1] (Compl. (Docket # 1) ¶3.) The United States asserted that as of May 6, 2009, Defendant owed $36,809.64 with interest accruing at a rate of 8.00% per annum under the terms of the promissory note. (Compl. ¶4.) In support of its Complaint, the United States filed both a copy of the Application and Promissory Note signed by Defendant on November 21, 2004 and a Certificate of Indebtedness attesting that Defendant defaulted on her obligation to repay this loan on January 16, 2007. (Compl. Exs. A & B.) On December 11, 2009, Defendant, represented by counsel, filed an Answer denying the essential elements of the Complaint and asserting, as affirmative defenses, that the United States failed to

---

[1] The United States asserts federal jurisdiction under 28 U.S.C. § 1345.

state a cause of action for which relief may be granted and that the claims asserted were barred by laches and the doctrine of payment. (Answer (Docket # 5).)

The United States filed for summary judgment on February 9, 2010, but the next day moved to withdraw this motion by consent upon being informed by counsel for Defendant that his client had filed a bankruptcy petition on January 29, 2010. (Consent Mot. to Withdraw Mot. for Summ. J. (Docket # 9) at 1.) By Order dated May 4, 2010, the United States Bankruptcy Court for the District of Maine, docket number 10-bk-20109, granted a discharge of debtor under 11 U.S.C. § 727, which did not include a discharge of student loan debt.[2] On June 17, 2010, the United States again moved for summary judgment. (Pl.'s Mot. for Summ. J. and Inc. Mem. of Law ("Summ. J. Mot.") (Docket # 13).) In accordance with Local Rule 56(b), the United States filed a Statement of Material Facts, supported by affidavit and other record citation. (Pl.'s Statement of Undisputed Mat. Facts ("SMF") (Docket #14).) Defendant failed to respond within the twenty-one day period required under Local Rule. D. Me. Loc. R. 7(b).

## II. STANDARD OF REVIEW ON SUMMARY JUDGMENT

Generally, a party is entitled to summary judgment if, on the record before the Court, it appears "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citation omitted). A "material fact" is one that has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v.

---

[2] In any event, the administrative discharge of a student loan must be pursued through the administrative process. United States v. Johnson, No. 02-75044, 2005 WL 1355097, at *5 (E.D. Mich. 2005) (citing Green v. United States, 163 F. Supp. 2d 593, 598 (W.D.N.C. 2000)). There is nothing in the record or on the bankruptcy court docket to indicate that Defendant has availed herself of any available procedures vis-à-vis the student loans at issue here. See 11 U.S.C. 523(a)(1)(8) (providing in relevant part that a discharge in bankruptcy does not discharge a debtor from a specified class of student loan debt "unless excepting such debt from discharge … would impose an undue hardship on the debtor …."); cf. Johnson, 2005 WL 1355097, at *5 (describing the administrative discharge process pursuant 34 C.F.R. 682.402(c)).

Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993). The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004).

The failure of the non-moving party to respond does not automatically entitled the movant to summary judgment. See Fed. R. Civ. P. 56(e)(2) ("If the opposing party does not so respond, summary judgment should, *if appropriate*, be entered against that party.") (emphasis supplied); Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 9 (1st Cir. 2003). In these circumstances, the Court still is obligated to "inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." Cordero-Soto v. Island Fin., Inc., 418 F.3d 114, 118 (1st Cir. 2005) (quoting Lopez v. Corporación Azucarera de P.R., 938 F.2d 1510, 1516 (1st. Cir. 1991)).

### III. FACTUAL BACKGROUND

The Court accepts as true the following undisputed material facts, as recited by the United States.[3] At the time the United States filed its Complaint, Defendant was a resident of Sanford, County of York, State of Maine. On or about November 21, 2004, Defendant executed a promissory note to secure Direct Consolidation loan under the loan guaranty program authorized by Title IV-D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a,

---

[3] Because Defendant failed to object to the United States' motion for summary judgment, the Court will take as admitted the factual statement submitted with that motion, as supported by the referenced exhibits. (SMF ¶¶1-4.) See D. Me. Loc. R. 56(f) ("Facts contained in a supporting … statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."); Lawson v. Campbell, Civ. No. 09-226-P-H, 2010 WL 2803372, at *1 (D. Me. July 15, 2010) ("The plaintiff has not responded. Therefore, the Statement of Material Facts, which is properly supported by references to the summary judgment record, is deemed admitted.") (citing Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45 (1st Cir. 2004) ("We have consistently upheld the enforcement of [Puerto Rico's similar local] rule, noting repeatedly that parties ignore it at their peril and that failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.")) .

*et seq*. (Compl. Ex. A (Docket #1-1).) The loan was disbursed for $30,264.18 on December 17, 2004, at 8.00% interest per annum. On or about January 16, 2007, Defendant defaulted upon the terms of the promissory note. As of May 6, 2009, Defendant is indebted to the Department of Education in the principal amount of $30,171.07, and interest in the amount of $6,638.57, for a total amount due of $36,809.64. Interest is accruing from May 6, 2009 at the rate of 8.00% per annum until the date of judgment. The Department of Education has credited a total of $3,394.55 in payments from all sources. (Compl. Ex. B (Docket #1-2).) Demand has been made upon Defendant by the United States for the sum due, but the amount due remains unpaid. Defendant is not asserting that she is in the military service of the United States or that she is an infant or a mentally incompetent person.

## IV. DISCUSSION

"To recover on a promissory note the government must first make a *prima facie* showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default." United States v. Petroff-Kline, 557 F.3d 285, 290 (6th Cir. 2009) (citation omitted); see also United States v. Johnson, No. 02-75044, 2005 WL 1355097, at *3 (E.D. Mich. 2005) ("The requirements necessary to establish a *prima facie* case of student loan default for summary judgment purposes have been consistently described by federal district courts in several circuits.") (compiling cases). The United States can establish these elements by producing "the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." Guillermety v. Sec'y of Educ., 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003) (citations omitted). The United States attached to its Complaint the promissory note in question executed by Defendant as well as a Certificate of Indebtedness, signed under penalty of perjury by Senior Loan Analyst Alberto Francisco, indicating that Defendant defaulted on the loan.

4

(Compl. Exs. A & B.) In her Answer, Defendant admitted that she executed the promissory note. (Answer to Compl. (Docket #5) ¶3.) As such, the United States has established its *prima facie* case.

"Once such a *prima facie* case is established," the burden then shifts to Defendant to "prov[e] the nonexistence, extinguishment or variance in payment of the obligation." Petroff-Kline, 557 F.3d at 290 (citation omitted). Although Defendant has not responded to the motion for summary judgment, Defendant's Answer—in which she asserts that the United States' claims are barred by the doctrine of payment and laches (Answer ¶¶7-8)—"hints at what [her] defenses might be." United States Strohmeyer, No. CV-09-479-B-W, 2010 WL 785983, at *2 (D. Me. March 2, 2010).[4]

However, the defenses posited in her Answer are either unproven as a matter of fact unavailable as a matter of law. First, beyond the $3,394.55 in payments that the United States has already credited, there is no evidence in the record of any "[c]ancelled checks, bank statements, tax records, [or] sworn statements" which might have been "acceptable as evidence of payment." Johnson, 2005 WL 1355097, at *3 (citations omitted). Similarly, laches is "not recognized as [a] valid defense[] in student loan default cases." Id.; see also 20 U.S.C. 1091a(a) (abolishing all federal or state statutory, regulatory, or administrative time limitations on the collection of Department of Education-financed student loans); United States v. Tuerk, 317 Fed. App'x 251, 253 (3rd Cir. 2009) ("It is also clear that [§ 1091a] … eliminates the equitable defense of

---

[4] Notably, in Strohmeyer, Chief Judge Woodcock considered the merits of defenses found only in a responsive pleading in the context of a summary judgment proceeding involving a *pro se* litigant. See id. at *1-2. With a represented party such as Defendant, the Court briefly considers defenses asserted in the Answer only to show there is no reason to believe these defenses would change the outcome even if they had not been forfeited by Defendant's failure to respond to the pending motion.

laches.") (citing <u>United States v. Lawrence</u>, 276 F.3d 193, 196 (5th Cir. 2001) ("[W]e adopt the district court's holding that § 1091a also extends to eliminate the equitable defense of laches.")).

## V. CONCLUSION

For the reasons explained herein, the Court GRANTS the United States' Motion for Summary Judgment (Docket #13). The Court ORDERS judgment be entered in favor of the United States of America in the amount of $36,809.64, plus interest accrued between May 6, 2009 and the date of judgment at a rate of 8.0% per annum.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 2nd day of August, 2010.